IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL FAZIO,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES RIVER INSURANCE COMPANY, et al.,<br><br>    Defendants. | CIVIL NO.: 20-1074 (MEL) |
| MICHAEL FAZIO,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES RIVER INSURANCE COMPANY,<br><br>    Defendant. | CIVIL NO.: 22-1186 (MEL) |

**OPINION & ORDER REGARDING CONSOLIDATION**

    Applying the relevant law to the facts at issue in the above-captioned cases, the court issues the following opinion and order regarding the consolidation of the above-captioned civil actions. At issue are two lawsuits filed in 2020 and 2022 involving Plaintiff Mr. Michael Fazio ("Plaintiff" or "Mr. Fazio") and co-defendant James River Insurance Company ("James River"). For the reasons which follow, the court orders the consolidation of these cases because they contain common parties and common issues of fact and law, and that considerations of convenience and economy far outweigh any risk of confusion and prejudice.

I.   THE 2020 LAWSUIT (20-1074)

On September 29, 2020, Plaintiff filed a second amended complaint ("the 2020 lawsuit") against Defendants James River, Metropolitan Casualty Insurance Company ("Metropolitan Casualty"), Ms. Naihomi Figueroa Fontanez ("Ms. Figueroa"), and Mr. Isaías Soto Reyes ("Mr. Soto"). ECF No. 71 in Case No. 22-1074. In the second amended complaint, Plaintiff alleges that on February 16, 2019, he was a passenger in a motor vehicle driven by Ms. Melissa Griselle Bonilla Grajales ("Ms. Bonilla"), who was transporting him through the Uber ride-share application. ECF No. 71 at 2–3 in Case No. 22-1074. Plaintiff alleges that, while stopped at a traffic light, Ms. Bonilla's vehicle, in which Plaintiff was a passenger, was negligently struck from behind by a vehicle driven by Ms. Figueroa and registered to Mr. Soto. ECF No. 71 at 3, 6 in Case No. 22-1074. This automobile accident is the basis of Plaintiff's first cause of action in the second amended complaint, alleging tort which resulted in "bodily injuries, pain, suffering, mental anguish and other damages" in excess of one million dollars ($1,000,000). ECF No. 71 at 6 in Case No. 22-1074.

Plaintiff also brought four additional causes of action against James River for Breach of Contract (Second Cause of Action), Contractual and Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing (Third and Fourth Causes of Action), Bad Faith (Fifth Cause of Action), and Unfair Claim Adjustment Practices (Sixth Cause of Action). ECF No. 71 at 7–12 in Case No. 22-1074. Plaintiff alleges that James River has breached the provisions of the uninsured motorist coverage as part of a policy issued to Uber "for the benefit of Uber drivers and passengers" by denying coverage and by failing to compensate Plaintiff for his injuries. ECF NO. 71 at 5, 7 in Case No. 22-1074. In so doing, Plaintiff alleges that James River incurred in bad faith, violated the implied covenant of good faith and fair dealing, and engaged in unfair

claim adjustment practices by denying Plaintiff coverage, denying that Plaintiff is an insured person under their policy, and by failing and refusing to make a rapid, fair, and equitable investigation and adjustment of Plaintiff's claim. ECF No. 71 at 7–11 in Case No. 22-1074. As such, Plaintiff requests "moral damages in excess of the uninsured motorist coverage limit," and specifically one-hundred-thousand dollars ($100,000) for "moral damages and mental suffering" as a result of James River's alleged bad faith. ECF No. 71 at 8, 9, 13 in Case No. 22-1074.

On August 28, 2020 the court set the deadline to amend pleadings in the 2020 lawsuit for September 30, 2020. ECF No. 44 in Case No. 22-1074. On February 12, 2021, the court reminded the parties that "the deadline to amend the pleadings or add parties already expired." ECF No. 92 in Case No. 22-1074. Once again, on February 17, 2021 the court entered an order stating that "No more amendments to the pleadings adding new parties will be allowed." ECF No. 97 in Case No. 22-1074. After extensive discovery and motion practice, both Plaintiff and James River filed motions for summary judgment on September 23, 2021 and November 12, 2021 respectively, which have not yet been disposed of by the court. ECF Nos. 186, 205 in Case No. 22-1074. The trial date in this case was vacated pending the court's resolution of the dispositive motions. ECF No. 200 in Case No. 22-1074. Nevertheless, on November 4, 2021 Plaintiff filed an "Informative Motion" of "Additional Bad Faith by James River" ECF No. 201 in Case No. 22-1074. In that motion, Plaintiff alleged that James River had accused Plaintiff of extortion during settlement negotiations on November 3, 2021, and that earlier, on July 13, 2021, James River had also accused Plaintiff of fraud. ECF No. 201 at 1, 4 in Case No. 22-1074. Plaintiff argued that these accusations were "malicious" and defamatory and requested that "the Court take into consideration the latest malicious accusation of extortion by James River for purposes of the adjudication of Mr. Fazio's bad faith claim against James River in the handling

3

of his claim." ECF No. 201 at 7. Said informative motion was noted. ECF Nos. 92; 97, 202 in Case No. 20-1074.

## II. THE 2022 LAWSUIT (22-1186)

On June 22, 2022 Plaintiff filed an amended complaint in a second lawsuit ("the 2022 lawsuit"). ECF No. 26 at 1 in Case No. 22-1186. In this second lawsuit, Plaintiff alleges that James River defamed him in the course of litigating the original 2020 lawsuit and brought three causes of action alleging libel, one of which has been dismissed. ECF No. 26 at 1 in Case No. 22-1186. On May 17, 2022, James River filed a motion opposing consolidation of the 2020 and 2022 cases. ECF No. 17 at 1–4 in Case No. 22-1186. Plaintiff thereafter filed a response to James River's informative motion, reiterating its desire to consolidate the 2020 and 2022 lawsuits. ECF No. 21 at 3, 13–14 in Case No. 22-1186.[1]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). Case consolidation serves the purpose of "promoting convenience and judicial economy." Pino-Betancourt v. Hosp. Pavía Santurce, 928 F. Supp. 2d 393, 395 (D.P.R. 2013). The First Circuit requires a "threshold" finding by the trial court that the "two proceedings involve a common party *and* common issues of fact or law", and then "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether the procedure is appropriate." Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc., 878 F.2d 5, 8 (1st Cir. 1989). In deciding whether to exercise its discretion to consolidate two actions, a court is to "weigh considerations of convenience and economy against considerations of confusion and

---

[1] On April 22, 2022, that is before the amended complaint was filed in Case Number 22-1186, Plaintiff filed motions to consolidate the 2020 and the 2022 cases. ECF No. 223 in Case No. 20-1074; ECF No. 2 in Case No. 22-1186.

4

prejudice." Pino-Betancourt, 928 F. Supp. 2d at 395. As such, "[a] motion for consolidation will usually be granted unless the party opposing it can show demonstrable prejudice." Seguro de Servicio de Salud de Puerto Rico, 878 F.2d at 8. A court is also to consider that "[t]he purpose of a consolidation for trial is to avoid: 1) overlapping trials containing duplicative proof; 2) excess cost incurred by all parties and the government; 3) the waste of valuable court time in the trial of repetitive claims; and 4) the burden placed on a new judge in gaining familiarity with the cases." Arroyo v. Chardon, 90 F.R.D. 603, 605 (D.P.R. 1981).

IV.   ANALYSIS

The threshold issue for resolution is whether the 2020 lawsuit and the 2022 lawsuit "involve a common party *and* common issues of fact or law." Seguro de Servicio de Salud de Puerto Rico, 878 F.2d at 8. James River, who opposes consolidation, concedes that the two cases involve common parties. ECF No. 17 at 3. Both Plaintiff and James River are parties to both the 2020 lawsuit and the 2022 lawsuit. Although there are additional parties beyond Plaintiff and James River in the 2020 lawsuit, Rule 42(a) does not require complete identity of all parties. Rebarber-Ocasio v. Feliciano-Muñoz, 2021 WL 4777374, at *3 (D.P.R. Oct. 12, 2021).

Turning to whether there are common issues of fact and law, James River argues that there are no common issues of fact or law between the two cases. ECF No. 17 at 3. Indeed, the claims in the two lawsuits are legally distinct. The 2020 case raises claims under tort, breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, and unfair claim adjustment practices. Meanwhile the 2022 lawsuit makes claims for defamatory libel. However, the nature of Plaintiff's libel claim in the 2022 case is intimately tied to the facts, evidence, and law in the 2020 case because James River's allegedly defamatory statements were made regarding factual and legal disputes at issue in the 2020 case. For example, both Plaintiff's

first and second causes of action in the 2022 lawsuit are predicated on a statement which James River made in a letter to the Puerto Rico Commissioner of Insurance regarding Plaintiff's 2020 lawsuit. In reference to the damages Plaintiff was requesting in the 2020 lawsuit, James River wrote that it had a "well-founded reason to believe that the [Plaintiff] violated Art. 27.180 of the Insurance Code of Puerto Rico by requesting compensation for damages that were pre-existing or degenerative or caused as a result of the treatment of the other conditions suffered by the [Plaintiff] prior to the motor vehicle accident." ECF No. 30-2 at 1–2, 7–8 in Case No. 22-1186. Art. 27.180 of the Insurance Code of Puerto Rico is the provision of the Puerto Rico Penal Code for insurance fraud. See 26 L.P.R.A. § 2720(1).

Under Puerto Rico law, for a statement to be defamatory, it must be false. González Pérez v. Gómez Águila, 312 F.Supp.2d 161, 173 (D.P.R. 2004); Comité Fiestas De La Calle San Sebastián, Inc. v. Cruz, 207 F. Supp. 3d 129, 147 (D.P.R. 2016); Torres Silva v. El Mundo, Inc., 106 P.R. Dec. 415, 599 (1977). Therefore, the resolution of Plaintiff's defamation claims in the 2022 case will likely require an examination of common facts, evidence, and law as to whether Plaintiff requested compensation for damages in the 2020 lawsuit which were pre-existing, and whether that request constituted fraud under Art. 27.180 of the Insurance Code of Puerto Rico. Therefore, while there may not be repetitive claims, consolidating the 2020 and 2022 lawsuits will avoid overlapping proceedings containing duplicative proof which is essential to the resolution of both cases.

In addition to avoiding the presentation of duplicative proof in both trials, because deciding certain issues are essential in both cases, consolidation further avoids the risk of inconsistent judgments. For example, litigating the 2020 and 2022 lawsuits separately could result in a judgment in the 2020 case which finds James River liable to pay for Plaintiff's

damages, including those which James River alleges were pre-existing. However, if the 2022 case is tried separately, judgment could also be entered which finds James River not liable for defamation because Plaintiff had indeed committed insurance fraud in the 2020 case and therefore James River's allegations were not false. That Plaintiff could recover damages for claimed injuries which are later found to be fraudulent would constitute inconsistent judgments. Additionally, because there is some overlap between the 2020 and 2022 lawsuits and the 2022 case essentially only adds facts regarding the alleged defamation, the burden on the presiding judge is minimal in familiarizing himself with the new case, and consolidation will minimize the costs to the parties.

Finally, James River has also failed to make a showing of demonstrable prejudice should the 2020 lawsuit and the 2022 lawsuit be consolidated. James River only argues that consolidation would require discovery "to start from scratch" and James River "would be exposed to demonstrable pressures to unduly accelerate proceedings in an unreasonable manner, to be ready for a simultaneous trial with the prior case." ECF No. 17 at 4. James River is correct that in the 2020 case discovery has closed and motions for summary judgment have been filed, but that the 2022 case has just proceeded past the resolution of motions to dismiss and no discovery has occurred. Even so, Plaintiff has expressed that "he recognizes James River's rights to conduct complete and full discovery" and makes no objection to "James River being granted as much time as the Court may deem reasonable to enable James River" to conduct discovery. ECF No. 21 at 13. Furthermore, there is no trial date currently on schedule in Case 20-1074 (MEL).

As already mentioned above, the evidence regarding Plaintiff's claims in the 2022 case will be largely duplicative with the evidence already produced in discovery in the 2020 case,

7

particularly with regard to Plaintiff's pre-existing physical conditions, if any. As such, any discovery for the claims in the 2022 lawsuit should not be lengthy or extensive.

## V.   CONCLUSION

In sum, James River has not identified any demonstrable prejudice that may result from consolidating these cases, particularly if the parties are granted a reasonable time to conduct discovery limited in scope to the claims of the 2022 lawsuit. For the foregoing reasons, the court orders the consolidation of *Fazio v. James River Insurance Company et al*, Case Number 20-1074 (MEL) and *Fazio v. James River Insurance Company*, Case Number 22-1186 (MEL).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2022.

s/Marcos E. López  
U.S. Magistrate Judge